**JIN SONG GAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–5430–ag.**

United States Court of Appeals, Second Circuit.

June 30, 2006.

124

Yuming Wang, Wynnewood, PA, for Petitioner.

Deborah J. Rhodes, United States Attorney for the Southern District of Alabama, Richard H. Lofton, Assistant United States Attorney, Mobile, AL, for Respondent.

PRESENT: RALPH K. WINTER, B.D. PARKER, and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Jin Song Gao, through counsel, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge ("IJ") Sarah M. Burr's denial of his motion to reopen an *in absentia* removal order and to reopen based on the birth of his two children in the United States. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the denial of a motion to reopen, including motions to reopen challenging orders of removal entered *in absentia,* for

abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA denied Gao's appeal of the denial of his August 2004 motion to reopen, because it determined that the IJ "properly found that [Gao] failed to present a claim of ineffective assistance of counsel that is compliant with ... *Matter of Lozada,* 19 I. & N. Dec 637, 1988 WL 235454 (BIA 1988)[,] [and that the IJ] correctly determined that [Gao's] second motion to reopen his deportation proceedings conducted in absentia in 1997 was barred by both the time and number limits for such motions." The BIA further found that, based on Gao's lack of due diligence, the IJ appropriately denied Gao's "request for reopening in 2004 based on a change in personal circumstances, the birth of his children in 2002." It appears, however, that the BIA misread the IJ's short, three-sentence decision. The IJ did not deny Gao's motion to reopen his *in absentia* removal order because Gao failed to comply with *Matter of Lozada,* 19 I. & N. Dec 637, but, rather, the IJ denied the motion because "[a]ny claim of ineffective counsel is barred by a failure of due diligence ... [as per] *Iavorski v. U.S. I.N.S.,* 232 F.3d 124 (2d Cir.2000)," and, as a result, the motion was both time-and numerically-barred under the regulations.

Notwithstanding the BIA's apparent confusion in its decision, *Iavorski* held, as

a matter of law, that a petitioner must show that he or she exercised due diligence during the period the petitioner seeks to toll. *See Iavorski,* 232 F.3d 124. Gao did not demonstrate due diligence in pursuing his case since the April 1997 denial of his first motion to reopen his *in absentia* removal order. Specifically, Gao only filed his second motion to reopen in August 2004, more than seven years after the denial of his first motion and over two and one-half years after the birth of his twin children. Indeed, Gao's affidavit, which was included with his August 2004 motion, undercuts his claim to have exercised due diligence. In that affidavit, Gao claimed that he "remained in America, while always looking for the opportunity to present [himself] in the Court again. [He] visited several lawyers in the past, but they all said that it was difficult to handle [his] case after [his 1997] motion to reopen had been denied. Later on, in February of 2004, through the reference of [his] friends, [he] visited the Law Office of [counsel] who helped [him]" obtain his immigration file through a Freedom of Information Act request, and through which he learned that his former counsel had made a false statement in his 1997 motion to reopen. Although Gao claimed in his appeal to the BIA that "[t]here is absolutely no proof in the record that the April 29, 1997 decision ... was sent to [him or] ... that [his] attorney informed [him] of his right to appeal this decision," Gao did not claim in his affidavit submitted with his complaint against his former counsel, that he never received the IJ decision.

As a result, although the BIA misread the IJ's decision, Gao failed to show that he exercised due diligence in seeking to toll the more than seven years in which he did not act on the IJ's denial of his initial motion to reopen. *See* 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1). Therefore, the BIA did not abuse its discretion in

finding that Gao's "second motion to reopen his deportation proceedings conducted in absentia in 1997[was] barred by both the time and number limits for such motions," and that his "request for reopening in 2004 based on a change in personal circumstances, the birth of his children in 2002" should be denied because of his lack of due diligence in pursuing that motion. For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).